UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHANIE JOHANNECK, | Case No. 2:14-CV-1607 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| TARGET STORES, INC., | |
| Defendant(s). | |

Presently before the court is plaintiff Shannon Johanneck's (hereinafter "plaintiff") motion for remand. (Doc. # 9). Target Corporation (hereinafter "defendant" / "Target") filed a response. (Doc. # 13). To date, plaintiff has not filed a reply and the deadline to reply has passed.

**I.   Background**

This is a slip and fall case. Plaintiff was injured in a Target store when she slipped on an unknown slippery substance and fell. Plaintiff then brought the instant action alleging that Target was negligent. Plaintiff argues that Target had notice that the substance was on the floor and left it unattended or failed to notice plaintiff, causing her to fall.

Plaintiff filed her complaint in the Eighth Judicial District Court in Clark County, Nevada. Based on the injuries plaintiff claimed, defendant timely removed the case to this court. Defendant removed the case asserting that diversity of citizenship exists and the amount in controversy exceeds $75,000. However, plaintiff argues that the amount in controversy is not met and the case should be remanded to state court. Accordingly, plaintiff filed the instant motion.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

A complaint filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action had it originally been brought in federal court. 28 U.S.C. § 1441(a). This court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), over suits between citizens of different states for which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In deciding whether removal is proper, courts strictly construe the removal statute against finding jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The burden of proof for removal is on the defendant. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990)).

Finally, "when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus*, 980 F.2d at 566.

## III. Discussion

*A. Motion to remand*

To satisfy jurisdiction pursuant to 28 U.S.C. § 1332(a), there must be complete diversity between the parties. Plaintiff alleges in the complaint that she is a resident of Nevada. Target is a Minnesota corporation which maintains its principal place of business in Minnesota. Thus, the diversity requirement is satisfied.

Next, in order for the district court to exercise jurisdiction, the amount in controversy must exceed $75,000. In the complaint, plaintiff requests "general and specific damages in excess of $10,000.00." (Doc. # 1). Since plaintiff did not plead a specific amount, "defendant

James C. Mahan
U.S. District Judge

- 2 -

must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).

Plaintiff represents in her motion that she has incurred $16,434.60 in medical expenses. (Doc. # 9). Defendant argues that plaintiff failed to allege that she will not incur future medical expenses. (Doc. # 13). However, plaintiff does not have the burden of proving her damages will not meet $75,000. It is defendant's burden to prove, by a preponderance of the evidence, that the damages will exceed $75,000.

To prove this, defendant has provided the court with case law showing the amount of damages other plaintiffs have been awarded for lumbar vertebra fractures. *Id.* However, defendant failed to prove that the damages in the instant case will be consistent with that case law. Defendant was willing to stipulate to remand if plaintiff agreed not to seek damages exceeding $75,000. Defendant argues that plaintiff's refusal to stipulate is evidence that the amount in controversy exceeds $75,000.

Defendant has provided little evidence that the amount in controversy requirement will be met. The court does not find awards that other plaintiffs have received for spinal injuries convincing. The court also does not find that plaintiff's refusal to stipulate is evidence that the amount in controversy will be met. Defendant has not proven by a preponderance of the evidence that the amount in controversy will exceed $75,000. Accordingly, the court finds that remanding the case to state court is appropriate.

   B. *Defendant's request for a court order*

Defendant requests that if the court is inclined to grant plaintiff's motion for removal, then the court should issue an order precluding plaintiff from seeking damages in excess of $75,000. Defendant has provided the court with a Kentucky and a West Virginia case to convince the court that this is appropriate. However, this court does not find the cases persuasive since both are distinguishable from the instant case.

In *Ratliff v. Merck & Company*, the plaintiff was estopped from seeking more than $75,000 after removal. *Ratliff v. Merck & Co.,* 59 F. Supp. 2d 571, 576 (E.D. Ky. 2005). However, the court found this to be proper because the plaintiff alleged in the complaint that

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  damages did not exceed $75,000. *Id.* That is not the case here. Plaintiff has alleged damages in
2  excess of $10,000. Plaintiff has never alleged any number limiting the damages to a certain
3  amount.
4  In *Adkins*, the plaintiff stated that his damages would not exceed $50,000. *Adkins v.*
5  *Gibson,* 906 F.Supp. 345, 348 (S.D.W.Va. 1995). The court determined that this representation
6  was binding on the plaintiff. *Id.* However, this case was abrogated by *McCoy v. Erie Insurance*
7  *Company,* 147 F. Supp. 2d 481, 485 (S.D.W.Va. 2001).
8  It was later determined that "the better rule requires a formal, truly binding, pre-removal
9  stipulation signed by counsel and his client explicitly limiting recovery." *McCoy*, 147 F. Supp.
10 2d at 485-86 (citing *Hicks v. Herbert,* 122 F.Supp.2d 699, 701 (S.D.W.Va. 2000) ("Only a
11 binding stipulation that they would not seek nor accept more than $75,000 could limit the
12 potential recovery. Some authority additionally suggests such a waiver must be truly binding on
13 the plaintiff in state court before it will prevent removal.").
14 Here, as defendant has pointed out, plaintiff refused to stipulate to limit her damages.
15 Nevertheless, plaintiff represents that her damages will not be in excess of $75,000. In light of
16 the court's finding that remand is appropriate, the court lacks jurisdiction to issue such an order.
17 Accordingly, this court finds it improper to issue the order defendant requests. However, the
18 court notes that plaintiff may be judicially estopped from taking an inconsistent position and
19 claiming damages in excess of $75,000 in state court.
20 **IV. Conclusion**
21 Accordingly,
22 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
23 remand, (doc. # 9) be, and the same hereby is, GRANTED.
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED that defendant's request that the court issue an order precluding plaintiff from seeking damages in excess of $75,000 be, and the same hereby is, DENIED.

DATED December 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**